UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAMMIE GOSS,

    Plaintiff,

    v.                                          No. 3:03CV0933(WIG)

STRATFORD HOUSING AUTHORITY, et al.,

    Defendants.
-----------------------------------------------------------------/
SAMMIE GOSS,

    Plaintiff,

    v.                                          No. 3:03CV0934(WIG)

BRIDGEPORT HOUSING AUTHORITY, et al.,

    Defendants.
-----------------------------------------------------------------/
SAMMIE GOSS,

    Plaintiff,

    v.                                          No. 3:03CV0935(WIG)

FAIRFIELD HOUSING AUTHORITY, et al.,

    Defendants.
-----------------------------------------------------------------/

**ORDER RE: APPOINTMENT OF COUNSEL AND SCHEDULING**

    The Court hereby vacates the orders granting the plaintiff's requests for appointment of counsel in each of the three actions referenced above.  The Court has sought to assist the plaintiff by, first, attempting to orient an attorney whom plaintiff had selected, and then by having two very able attorneys, with excellent reputations, agree to contact plaintiff about representing her.

Both expressed a willingness to help her. Nevertheless, none of the situations has worked out. The Court has received and reviewed copies of correspondence from plaintiff to counsel and finds that the tone and substance of plaintiff's communications with them to be at times abusive, insulting, and offensive.  Plaintiff's matter is a civil one, and she does not have a right to have the Court continue to send her counsel whom she rejects. The Court will not expend any further time and resources in attempting to find counsel for plaintiff, only to have them treated disrespectfully. The Court further understands that plaintiff has experience litigating *pro se* and believes that she is capable of doing so in these matters.  Moreover, plaintiff would likely qualify for the services of legal assistance organizations.

As for the Bridgeport case, <u>Goss v. Bridgeport Housing Authority</u>, No. 3:03CV0934(WIG), it appears that plaintiff may well qualify as a member of the certified class in <u>Matyasovszky v. Housing Authority of the City of Bridgeport</u>, No. 3:03CV0968(WIG),  litigating some of the same issues, and it may well be to her advantage to have class counsel handle her claim as part of the class action.

This order is open to reconsideration under certain circumstances.  The plaintiff is free to contact any attorney on any list that she has obtained, and if one indicates a willingness to assist her subject to court-appointment, she should have that attorney contact the undersigned's Chambers promptly, or the plaintiff can write the undersigned directly with the name of that attorney and request that the Court contact that attorney about representing plaintiff.

In the Stratford case, 3:03CV0933(WIG), it does not appear that the defendants have been served.  If service is not effected by May 1, 2005, the action will be dismissed without prejudice.

In the other two cases, 3:03CV0934(WIG) and 3:03CV0935(WIG), involving the

Bridgeport and Fairfield Housing authorities among other defendants, the Court is prepared to move those matters toward resolution.

**Before issuing a schedule for completion of discovery and other pretrial matters, the Court directs all parties in those two cases, 3:03CV0934(WIG) and 3:03CV0935 (WIG), to appear for an in-court settlement conference, which will be conducted on the record, with a transcript to be made available to the plaintiff. The Court expects individuals with authority to resolve those matters to be present in court. This conference is scheduled for March 30, 2005, at 12:00 noon. All parties should submit to the Court a confidential settlement memorandum no later than 5 days prior to the conference.**

SO ORDERED, this 10th day of March, 2005, at Bridgeport, Connecticut.

      /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL,
United States Magistrate Judge