```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
SAMMIE GOSS,                   :

    Plaintiff,                 :

    v.                         :    No. 3:03cv0934(WIG)

BRIDGEPORT HOUSING             :
AUTHORITY, et al.,
                               :
    Defendants.
-------------------------------X
```

**RULING ON DEFENDANTS' MOTION
FOR MORE DEFINITE STATEMENT [DOC. # 27]**

    Plaintiff has filed a complaint on behalf of herself and her service dogs, Shadow and Maynard, against the Bridgeport Housing Authority ("BHA") and six of its employees. Defendants have moved for a more definite statement under Rule 12(e), Fed. R. Civ. P., claiming that Plaintiff's hand-written, pro se complaint is so vague and ambiguous that they cannot frame a proper response.

    In her complaint, Plaintiff, who is disabled and 56 years of age at the time her complaint was filed, claims that she was discriminated against because of her age, disability and her service dog. She alleges that she was denied access to the Bridgeport Housing Office because of the lack of handicapped parking spaces by the front door, the high curb, the lack of an adequate ramp, and the heavy front door. She claims that she was denied a reasonable accommodation by having to meet with a BHA employee who did not speak English. She further claims she was

denied a reasonable accommodation due to the lack of large print forms. She claims that one of the BHA employees falsified some of her answers on the small-print application forms, which she could not read. She complains that the certain BHA employees discriminated against her service dog because he was not a hearing dog. She alleges that she was denied a vacant apartment at a disabled/elderly housing complex, called Fireside, because she was not 62 years of age. She alleges that she was also told that her service dog would not be allowed in any of the high-rise buildings, and in those buildings where he would be allowed, the apartments were reserved for tenants over 62 years of age. She objects to Defendants' refusal to include the cost of her service dog in calculating the housing subsidy to which she was entitled. She complains about the BHA's lack of accessible housing for the disabled. She maintains that her rights under the "ADA, Fair Housing HUD, Civil, Human and State Rights, CT. General Statutes sec. 46A-64c et seq., Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments of 1988 and as enforced through Conn. Gen. Statute Sec. 46A-58(A) and the ADA and Section 504 of the Rehabilitation Act, and the Fair Housing Age Discrimination Act, and much more" were violated. She has also attached to her complaint a number of photographs, a handwritten note and pictures of her service dogs, a doctor's note regarding her need for wheelchair accessible housing, a product page on a

motorized wheelchair with hand-written notes, and several newspaper articles about her and her dogs.

As Defendants point out, Plaintiff has not segregated her claims into separate counts, nor has she numbered the paragraphs of her five-page written description of the "Nature of the Case." Without question, her complaint is not a model of clarity. Nevertheless, given the liberality with which the Court is required to construe pro se pleadings and the deference that must be afforded to pro se litigants, Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005), the Court concludes that Plaintiff has pled the facts of her case with sufficient particularity to provide "a fair understanding of what the [P]laintiff is complaining about and ... whether there is a legal basis for recovery." Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). To require Plaintiff to segregate her claims into separate causes of action would simply be an exercise in futility.

Therefore, the Court denies Defendants' Motion for More Definite Statement and orders Defendants to file an answer to Plaintiff's Complaint within twenty (20) days of the date of this ruling.

SO ORDERED, this __13th__ day of February, 2006, at Bridgeport, Connecticut.

                                          ___/s/ *William I. Garfinkel*___
                                          WILLIAM I. GARFINKEL,
                                          United States Magistrate Judge