UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMIE GOSS : | |
| : | |
| PLAINTIFF, : | |
| : | |
| V. : | |
| : | CIVIL ACTION NO. 3:03 CV-00934 (WIG) |
| BRIDGEPORT HOUSING AUTHORITY, : | |
| COLLIN VICE, BERNIE WILLIAMS, : | |
| OLGA PEREZ, WILLIAM BURGOS, : | |
| MISS RODRIGUES AND MISS DOE : | |
| : | MARCH 6, 2006 |
| DEFENDANTS. : | |

## ANSWER AND SPECIAL DEFENSES OF DEFENDANTS

The undersigned Defendants, Housing Authority for the City of Bridgeport (hereinafter "BHA"), Collin Vice, Bernie Williams, Olga Perez, William Burgos, Miss Rodriguez and Miss Doe hereby Answer the Plaintiff's Complaint as follows:

1. With regard to the allegation that the Plaintiff, Sammie Goss, is a disabled person with a service dog, the Defendants deny sufficient knowledge or information upon which to form a belief, and leave the Plaintiff to her proof.

2. The Defendants admit that Collin Vice was the Executive Director of the BHA in June of 2002. The Defendants deny that "Bernie Williams" was the Director of "Elderly/Disable Housing." The Defendants deny that "Bernie Williams" was an employee of the BHA. The Defendants deny that Olga Perez was the "Director of

        Section 8." The Defendants admit that Wilma Burgos was an employee of the BHA. The Defendants do not know who "Miss Rodriquez" is or who "Miss Doe" is.

3. The Defendants deny that the Plaintiff was discriminated against because of her disabilities, age or "service dog." With respect to the allegation that Plaintiff's dog qualifies as a "service dog," the Defendants deny sufficient knowledge or information upon which to form a belief and leave the Plaintiff to her proof. The Defendants deny that Plaintiff was denied access to parking. The Defendants deny that plaintiff was denied access to the building. The Defendants deny sufficient knowledge or information upon which to form a belief as to the remaining allegations contained in the third unnumbered paragraph of the Plaintiff's Complaint.

4. The Defendants deny the allegations contained in the fourth unnumbered paragraph of the Plaintiff's Complaint regarding "Reasonable Accommodation."

5. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the fifth unnumbered paragraph of the Plaintiff's Complaint.

6. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the sixth unnumbered paragraph of the Plaintiff's Complaint at the top of page two.

7. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the seventh unnumbered paragraph of the Plaintiff's Complaint concerning the "lady" who "answered the door."

8. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the eighth unnumbered paragraph of the Plaintiff's Complaint, beginning with "When a lady answered."

9. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the ninth unnumbered paragraph of the Plaintiff's Complaint, concerning plaintiff "speaking to her supervisor."

10. The Defendants deny sufficient knowledge or information upon which to form belief and leave the Plaintiff to her proof regarding the allegations contained in the tenth unnumbered paragraph of the Plaintiff's Complaint, concerning the allegations against "Bernie Williams."

11. With regard to the allegations contained in the eleventh unnumbered paragraph on the top of page 3, the Defendants admit that the Plaintiff had an appointment on July 25, 2002. As to the remaining allegations, the Defendants deny sufficient

   knowledge or information upon which to form a belief and leave the Plaintiff to her proof.

12. With regard to the allegations contained in the twelfth unnumbered paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leave the Plaintiff to her proof.

13. With regard to the allegations contained in the thirteenth unnumbered paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leave the Plaintiff to her proof.

14. Admit.

15. The Defendants deny that the plaintiff's dog was wearing an orange harness. As to the remaining allegations contained in the fifteenth unnumbered paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leave the Plaintiff to her proof.

16. Denied.

17. Denied.

18. With regard to the allegations contained in the eighteenth unnumbered paragraph on page '4' of the Complaint, the Defendants admit that they did not have large print forms available. As to the remaining allegations contained in this paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leave the Plaintiff to her proof.

19. Denied.

20. The Defendants admit that the plaintiff never received a Section 8 voucher through the BHA because she never filed an application. As to the remaining allegations contained in this paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leaves the Plaintiff to her proof.

21. With regard to the allegations contained in the twenty-first paragraph on the top of page '5', the Defendants deny the allegations concerning the allowance of a medical deduction for a Plaintiff's dog and the allegations regarding the statements made by Wilma Burgos. As to the remaining allegations contained in this paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leaves the Plaintiff to her proof.

22. With regard to the allegations contained in the Twenty-second unnumbered paragraph, the Defendants admit that Ms. Burgos gave plaintiff copies of the forms she signed and that they do not have a list of assessable apartments. The remaining allegations in this paragraph are denied.

23. With regard to the allegations contained in the twenty-third unnumbered paragraph, the Defendants deny sufficient knowledge or information upon which to form a belief and leaves the Plaintiff to her proof.

24. The allegations contained in the twenty-fourth unnumbered paragraph are denied.

## SPECIAL DEFENSES

### FIRST SPECIAL DEFENSE

The Plaintiff has failed to state a cause of action against any of the Defendants upon which relief may be granted.

### SECOND SPECIAL DEFENSE

The Court lacks personal jurisdiction over the Defendant, Collin Vice due to insufficiency of service of process.

### THIRD SPECIAL DEFENSE

The Court lacks personal jurisdiction over the Defendant, Bernie William due to insufficiency of service of process.

### FOURTH SPECIAL DEFENSE

The Court lacks personal jurisdiction over the Defendant, Miss Rodriguez due to insufficiency of service of process.

### FIFTH SPECIAL DEFENSE

The Court lacks personal jurisdiction over the Defendant, Ms. Doe due to insufficiency of service of process.

        THE DEFENDANTS,
        BRIDGEPORT HOUSING AUTHORITY,
        COLLIN VICE, BERNIE WILLIAMS, OLGA
        PEREZ, WILLIAM BURGOS, MISS
        RODRIGUEZ AND MISS DOE


By:_____
  James A. Mahar, Esq., (CT 21854)
  Ryan, Ryan, Johnson & Deluca, LLP
  80 Fourth Street, P.O. Box 3057
  Stamford, CT   06905
  Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, a copy of the above was mailed to the following counsel and pro se parties of record:

Sammie Goss
48 Fire Hill Road
West Redding, CT 06896

_____
James A. Mahar, Esq.

I:\Procases\1742.009\answer and spec def.wpd
1742.009